```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
ROYAL DENIM FOR IMPORT AND EXPORT,
INC. and FRED REDA,

             Plaintiffs,          04 Civ. 6706 (LLS)

     v.                           OPINION and ORDER

UNITED STATES OF AMERICA,
             Defendant.
--------------------------------------x
```

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted for the reasons that follow.

Background

On February 1, 2002, the Internal Revenue Service issued a jeopardy assessment pursuant to 26 U.S.C. § 6861 against plaintiff, Royal Denim for Import and Export, Inc., because of Royal Denim's failure to file a tax return for the tax year 1999. The IRS then issued levy notices and collected the following amounts from Royal Denim's bank accounts: (1) $31,890.87 on March 15, 2002; (2) $52,653.20 on March 26, 2002; and (3) $7,008.45 on March 26, 2002. On April 2, 2002, the IRS sent a notice of deficiency to Royal Denim. Marvald Reply Decl. Exhibit A. Royal Denim still owes the IRS $1,606,100.31 under the jeopardy assessment.

Royal Denim and its President sue to recover the levied amounts from the IRS, plus attorney's fees and costs, claiming that the tax, penalty and interest were "erroneously and illegally assessed against and collected from plaintiffs." Complaint ¶ 1. Defendant moves to dismiss, arguing that the Court lacks subject matter jurisdiction over the action.[1]

## Discussion

"Absent a waiver of sovereign immunity, the Federal Government is immune from suit." Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 1969 (1988). If the United States waives its immunity, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770 (1941). Any consent given, "since it is a relinquishment of a sovereign immunity, must be strictly interpreted." Sherwood, 312 U.S. at 590, 61 S.Ct. at 771.

1.

28 U.S.C. § 1346(a)(1) waives the United States' sovereign immunity in specific tax cases and provides that:

> (a) The district courts shall have original
> jurisdiction, concurrent with the United States
> Court of Federal Claims, of:

---

[1] Defendant withdrew its additional argument based on alleged failure to file a timely administrative claim for refund.

> (1) Any civil action against the United States
> for the recovery of any internal-revenue tax
> alleged to have been erroneously or illegally
> assessed or collected, or any penalty claimed to
> have been collected without authority or any sum
> alleged to have been excessive or in any manner
> wrongfully collected under the internal-revenue
> laws.

In Flora v. United States, the Supreme Court delineated the District Courts' jurisdiction pursuant to that section. The Court held that the provision, "correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." 362 U.S. 145, 177, 80 S.Ct. 630, 647 (1960). Against the argument that the full payment rule might impose a hardship on some taxpayers, the Court cited the Government's "substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in a District Court without paying his tax in full." Id., 362 U.S. at 175, 80 S.Ct. at 646. See also Magnone v. United States, 902 F.2d 192, 193 (2d Cir. 1990)("First, the full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make full payment of the assessment, including penalties and interest."), cert. denied, 498 U.S. 853, 111 S.Ct. 147 (1990).

Plaintiffs still owe the IRS $1,606,100.31 under the jeopardy assessment and therefore have not satisfied the full payment rule. Since they have not met a jurisdictional condition precedent to maintaining a tax refund claim in a District Court, this Court lacks jurisdiction over the case.

2.

Plaintiffs argue that this Court has subject matter jurisdiction because they were not sent a notice of deficiency within 60 days as required by 26 U.S.C. § 6861(b),[2] thus invalidating the assessment. The argument fails, under the text of the statute.

The jeopardy assessment was issued on February 1, 2002. The documentary proof establishes, and plaintiffs cannot disprove, that on April 2, 2002 (60 days later), defendant mailed the notice of deficiency by certified mail to plaintiffs at their last known corporate addresses in New York and California (Marvald Reply Decl. ¶ 4 and Exhibit A), thus complying with the 60 day requirement.

Even if plaintiff did not receive the notices of deficiency, the government thus satisfied the requirement

---

[2] 26 U.S.C. § 6861(b) states: "Deficiency Letters. If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary shall mail a notice under such subsection within 60 days after the making of the assessment."

of 26 U.S.C. § 6861(b) that it "mail a notice" within 60 days of making the assessment. The statute does not require receipt of the notice by the taxpayer. Cf. Follum v. Commissioner, 128 F.3d 118 (2d Cir. 1997).

## Conclusion

The defendant's motion to dismiss is granted. The Clerk shall dismiss the complaint, with costs to defendant according to law.

So ordered.

Dated: May 25, 2005
       New York, New York

                                      /s/ Louis L. Stanton
                                        Louis L. Stanton
                                               U.S.D.J.